IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERIK MITCHELL VAN TASSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-108 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. no. 20.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **GRANTED**.

**I.   BACKGROUND**

On July 22, 2020, the Court granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and on October 28, 2020, awarded Plaintiff $3,901.81 in attorney's fees and $16.00 in expenses under the Equal Access to Justice Act ("EAJA"). (Doc. nos. 15, 19.) On July 4, 2021, Plaintiff filed a motion for attorney's fees in the amount of $13,621.00 pursuant to § 406(b) because the Administrative Law Judge awarded Plaintiff past due benefits on remand. (Doc. no. 20.) The Commissioner does not oppose the amount requested for attorney's fees, but does ask the Court to consider whether Plaintiff's motion is timely. (Doc. no. 22.)

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Kilolo Kijakazi, Acting Commissioner of Social Security Administration, as the proper Defendant.

## II.   DISCUSSION

Federal Rule of Civil Procedure 54(d)(2) requires a motion for attorney's fees under § 406(b) to be filed within fourteen days "after entry of judgment."  Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).  However, it is unclear exactly when the clock commences because "the amount of fees owed under a contingency arrangement is not established [until] months after remand."  Biltch v. Astrue, 261 F. App'x 241, 242 n.1 (11th Cir. 2008).  Considering this, the Eleventh Circuit recommended district courts fashion a "general order or a local rule permitting district-wide application of a universal process for seeking fees under [406(b)]."  (Id.)  In fashioning such a general order or local rule, district courts should "keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants."  Id. (citing Bergen, 454 F.3d at 1276.)

The Court has no such local rule as suggested in Astrue, and the Court did not include in the reversal judgment a statement specifying a deadline for seeking attorney's fees under § 406(b).  The Social Security Administration issued its notice of award on May 5, 2021, and Plaintiff filed the instant motion sixty days later on July 4th.  (Doc. no. 20.)

The Commissioner points out that Plaintiff's counsel filed the motion nearly one year after the Court entered judgment and more than thirty days after receipt of the issued notice of award.  (Doc. no. 22, p. 4.)  Neither is a concern to the Court.  If plaintiffs were expected to seek fees after entry of judgement but before issuance of the award, they "would be in the untenable position of seeking an award for fees that [they are] not yet entitled to, for an entirely undetermined amount, which cannot be reduced to judgment until some unknown future point in time."  Rosenthal v. Astrue, No. 5:10-CV-67-OC-10TBS, 2011 WL 6010348, at *1 (M.D. Fla. Nov. 30, 2011).  The better starting point is the award, and here Plaintiff's counsel sought fees within sixty days of that event.  The Court previously held a motion for

attorney's fees was timely when filed fifty-six days after the award, and it has no hesitation finding an additional four days of delay to be reasonable. Adams v. Berryhill, CV 114-104 (S.D. Ga. June 2, 2017); see also Doyle v. Saul, CV 117-144,. doc. no. 26, *adopted by* doc. no. 28 (S.D. Ga. Oct. 8, 2020) (allowing motion filed fifty-two days after notice of award). Thus, in light of the Court's precedent and Congress's intent to encourage attorneys to represent Social Security claimants, as well as in the absence of a local rule, standing order, or statement setting a specific deadline, this Court finds the motion to be timely.

Finally, because an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, counsel shall refund the amount of the previously awarded EAJA fees to Plaintiff, as he acknowledges in his motion he must do. (Doc. no. 20-1, pp. 1-2); see Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010); see also Paltan v. Comm'r of Soc. Sec., 518 F. App'x 673, 674 (11th Cir. 2013).

### III. CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorney's fees under § 406(b) be **GRANTED**, (doc. no. 20), and awards attorney's fees in the amount of $13,621.00.

SO REPORTED and RECOMMENDED this this 20th day of July, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA